**Ellsworth M. DUNN, Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14009.**

United States Court of Appeals, Ninth Circuit.

March 11, 1955.

Ellsworth M. Dunn, in pro. per.

H. Brian Holland, Asst. Atty. Gen., S. Dee Hansen, Atty., Dept. of Justice, Washington, D. C., Ellis N. Slack, John J. Kelley, Jr., Sp. Assts. to Atty. Gen., Kenneth W. Gemmill, Acting Chief Counsel, Internal Revenue Service, Washington, D. C., for respondent.

Before MATHEWS and POPE, Circuit Judges, and BOLDT, District Judge.

MATHEWS, Circuit Judge.

Petitioner, Ellsworth M. Dunn, a citizen of the United States, seeks reversal of a decision of the Tax Court holding that there were deficiencies in respect of his Federal income tax for 1948 and 1949. He relies for reversal on the following provisions of § 116 of the Intern-

al Revenue Code, 53 Stat. 48, 56 Stat. 841, 58 Stat. 32, 26 U.S.C.A. § 116: '

"In addition to the items specified in section 22(b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:[1]

"(a) Earned income from sources without the United States.

"(1) Foreign resident for entire taxable year.[2] In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner[3] that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3); * * *

"(3) Definition of earned income. For the purposes of this subsection, 'earned income' means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribution of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered. * * "

Petitioner claimed that he was a bona fide resident of the Philippine Islands during 1948 and 1949; that his income for those years consisted of amounts received from sources without the United States and not paid by the United States or any agency thereof; that these amounts constituted earned income as defined in paragraph (3) of subsection (a) of § 116; and that therefore they were exempt from Federal income taxation.

■■ However, petitioner did not establish to the satisfaction of the Commissioner that he was a bona fide resident of the Philippine Islands during 1948 and 1949, nor did the Tax Court so find. Instead, the Tax Court found that he was not a bona fide resident of the Philippine Islands during those years, but "was a mere transient or sojourner." This finding was supported by substantial evidence and was not clearly erroneous. We therefore accept it as correct.[4]

■ This case was submitted to the Tax Court on March 23, 1953. Thereupon, on March 23, 1953, acting under and pursuant to paragraph (a) of Rule 35 of the Tax Court's Rules of Practice then in effect,[5] the presiding judge directed that a brief be filed by the Commissioner on or before April 22, 1953,[6] and that no replies should be filed. A brief was filed by the Commissioner on April 21, 1953. No reply was filed or tendered for filing by either party. The case was decided on April 28, 1953.

Petitioner contends that, before deciding the case, the Tax Court should have allowed him 15 days from April 22, 1953, within which to file a reply to the Commissioner's brief, as provided in para-

---

1. The chapter imposing income taxes.

2. Petitioner's taxable years were calendar years.

3. Meaning the Commissioner of Internal Revenue.

4. See § 1141(a) of the Internal Revenue Code, 63 Stat. 107, 26 U.S.C.A. § 1141(a), and rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

5. Rule 35 provided:
   "(a) General. The filing of briefs and the making of oral arguments shall be in accordance with the directions of the Judge presiding at the hearing. The parties should be prepared to make oral arguments at the conclusion of a hearing or to file a written citation of authorities at that time if the Judge so directs.
   "(b) Filing. Unless the Judge directs otherwise, original briefs shall be filed 45 days after the day on which the hearing was concluded and reply briefs may be filed within 15 days after the time allowed the opposite party for the filing of the original brief, including any extension thereof. * * * " 26 U.S.C.A. following § 1111.

6. Petitioner had theretofore filed a brief entitled "Arguments of petitioner on answer of respondent."

graph (b) of Rule 35.[7] However, as indicated above, the presiding judge had directed otherwise. The provisions of paragraph (b) were therefore inapplicable.

Decision affirmed.